## Case No. 1,013.

In re BARNES, et al.

[1 Wkly. Notes Cas. 21.]

District Court, E. D. Pennsylvania.    Oct. 7, 1874.

BANKRUPTCY— DIVISION OF CLAIM — APPLICATION OF PAYMENTS—SCHEDULES — EXTRA SERVICES— ALLOWANCE.

[1. Where a creditor of a bankrupt proved a claim composed of a merchandise account and an accommodation note, and subsequently received payments from the bankrupt on account of the accommodation note, the creditor cannot divide the proofs into two parts, after objection by the bankrupt's assignee that such creditor had received a preference.]

[2. The book-keeper of a bankrupt should not be allowed compensation for making schedules of the bankrupt while in the employ of the marshall, and in receipt of his usual salary.]

[3. The claim of a bankrupt for rendering extraordinary services, beyond those required to make the property, rights, credits, and effects available, cannot be allowed by the court, but may be allowed by the creditors, of grace.]

[In bankruptcy. In the matter of Barnes, Brother & Herron.]

Exceptions to report of register, (Parsons).

1. J. E. Johnston & Co. proved a claim against the bankrupts; said claim was composed of two items: First, a merchandise account; secondly, an accommodation note for $1,573. After the failure of the bankrupts, and with a knowledge of that fact, J. E. Johnston & Co. accepted certain payments, amounting to over $1,400, on account of said accommodation note. Objection being made by the assignee that J. E. Johnston & Co. had received a preference, they claimed a right to divide said proof into two parts, to wit, merchandise account and accommodation note account. The register held that they could not so separate their account.

Russell, for Johnston & Co., thereupon excepted to the register's decision.

THE COURT sustained register's decision and overruled the exceptions, and quoted In re European Bank, 8 Ch. App. 41.

2. The book-keeper of the bankrupts claimed compensation for services rendered in making out schedules of bankrupt, he being in the employ at that time of the marshal, and in receipt of his usual salary. The register disallowed his claim, whereupon he excepted to the register's decision.

Rothermal, for Zebley, the book-keeper, and Barnes Brother & Herron, the bankrupts.

THE COURT sustained the decision of the register, and dismissed the exception.

3. The bankrupts having made a claim for services rendered the estate, the same was disallowed by the register, whereupon they excepted to the register's decision.

THE COURT said: "As to question of special allowance to the bankrupts, or any of them, the court perceives no sufficient reason for directing such an allowance. This does not, however, necessarily preclude the allowance of something under this head by the creditors, of grace, if the bankrupts have rendered extraordinary services, beyond those required in order to make the property, rights, credits, and effects available."